THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donald A. Bowers, <br><br> Plaintiff, <br><br> v. <br> ADVOCATE HEALTH CARE NETWORK, <br> an Illinois not-for-profit corporation d/b/a <br> Advocate Trinity Hospital <br> And/or <br> Advocate Aurora Health <br><br><br> Defendants. | Case Number 19-CV-7210 <br> Judge Honorable <br><br> Magistrate Judge the Honorable <br><br> **Plaintiff Demands Trial By Jury** |

## COMPLAINT

NOW COMES Plaintiff, Donald A. Bowers, ("Bowers" and/or "PLAINTIFF"), complaining against Defendant, ADVOCATE HEALTH CARE NETWORK (d/ba/ as Advocate Trinity Hospital), an Illinois not-for-profit corporation and/or Advocate Aurora Health, (Hereinafter referred to as "Advocate") for all claims and in so doing states as follows:

## NATURE OF THE CASE

1. In this Complaint, Plaintiff seeks redress for Defendant's creation and perpetuation of a gender discrimination, sex discrimination and retaliation for reports of discrimination/harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

## PROCEDURAL REQUIREMENTS

### for Title VII claims

1

2. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

3. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on alleging violations of Title VII.

4. The commission issued a "Notice of Right to Sue".

5. Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the Notice of Right to Sue.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as amended, and 28 U.S.C. §1331 and §1343.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district

## PARTIES

8. Plaintiff Donald A. Bowers is a male that resides in Illinois, within the Northern District of Illinois.

9. Defendant Advocate is an Illinois corporation engaged in business and with offices in this Judicial District.

10. Defendant Advocate is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq

## FACTS UPON WHICH TITLE VII CLAIMS ARE BASED

11. Plaintiff was an employee of Defendant pursuant to Title VII.

12. Defendant is an employer as defined by Title VII.

13. At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

14. Plaintiff was subject to discrimination as follows:

15. Plaintiff was an employee of Respondent from March 19, 2018 until June 12, 2018.

16. Plaintiff was employed in the position of manager.

17. Plaintiff is a qualified, competent, and dedicated employee that has been subjected to discrimination based on sex and retaliation for reports of sexual harassment.

18. Respondent created, permitted, engaged in, ratified, and encouraged the discrimination based on sex.

19. Defendant terminated the Plaintiff for forwarding a sexual text message he received from a female employee to his supervisor, while failing to treat a comparable female in a similar manner as detailed below:

20. Plaintiff received a sexual text message from a female employee.

21. Plaintiff, following proper procedure and policy of Defendant, forwarded the message to his immediate supervisor to report the inappropriate communication.

22. Forwarding the sexual text message to his supervisor was consistent with the policy and procedures of the employer, to report sexual harassment.

23. If Plaintiff had not forwarded the text message to his supervisor, he would have been in violation of the employer's policy and procedures regarding reporting of sexual harassment.

24. For following the Defendant's policy and procedure regarding reporting of inappropriate messages, Plaintiff was fired.

25. In contrast, the female employee, who sent the original sexual text message, was not terminated, also in violation of Defendant's policy and procedures.

26. Plaintiff's alternative claim is that Plaintiff was fired for his report of his sexual harassment, in retaliation.

27. Defendant further conducted an alleged "investigation", finding that both Plaintiff and the female employee thought the message was to/from someone else, but Defendant appears to have "believed" the female while firing the Plaintiff despite the duplication of explanations.

28. Plaintiff was subjected to uninvited and unwelcome sexual harassment. The sexual harassment is outlined in detail above, and incorporated by reference as though fully stated herein.

29. Plaintiff made reports/complaints of the sexual harassment, sexually hostile work environment, as alleged herein to Defendant.

30. Defendant took no action to stop, remediate, correct, prevent, mitigate, and/or otherwise appropriately address the ongoing and continuous sexual harassment and gender discrimination.

31. Shortly after Plaintiff made reports/complaints of the uninvited and unwelcome sexual harassment, Defendant unlawfully terminated Plaintiff because of the reports/complaints of sexual harassment.

32. After Plaintiff reported the repeated, egregious, uninvited and unwelcome discrimination, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination, rather Defendant's increased the differential treatment based on Defendant discriminatory actions.

33. The actions of Defendant in intentionally engaging in and condoning sexual discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

34. Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in

fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

35. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## COUNT I
### Gender Discrimination under Title VII
### And retaliatory termination in violation of Title VII

36. Plaintiff incorporates and realleges all paragraphs found in the Complaint as if fully set forth herein against Defendant.

37. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was her "employer" covered by and within the meaning of Title VII.

38. At all times relevant to this cause of action supervisory employees and/or owners of Advocate were all "agents" of Defendant covered by and within the meaning of Title VII.

39. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely caused discrimination against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

40. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his gender and engaging in sexual discrimination. Defendant had a duty under Title VII to prevent the ongoing discrimination.

41. Plaintiff has a federally protected right to work in a workplace that is free from gender discrimination.

42. Plaintiff reported the gender/sex discrimination to management/owners and supervisory employees of Defendant.

5

43. Defendant terminated Plaintiff for the report of discrimination/sexual harassment.

44. Despite knowledge of the gender discrimination and despite reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination.

45. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment.

46. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

47. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

48. Defendant maintains a work environment that discriminates against male employees.

49. The actions of Defendant in intentionally engaging in and condoning sexual discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

50. Plaintiff complained of the sexual discrimination/harassment to Defendant.

51. Plaintiff received no assistance from any of these complaints other than to be fired.

**WHEREFORE**, Plaintiff respectfully requests:

    a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

    b. Compensatory damages in an amount to be determined at trial to

      compensate Plaintiff for the humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c.     Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d.     A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

e.     A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f.     The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.     Punitive damages as a result of Defendant's deliberate, intentional, willful, wanton and malicious conduct;

h.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.     Such other relief as the Court may deem just or equitable.

# JURY DEMAND

Plaintiff demands trial by Jury on all counts so triable.

Respectfully submitted,

By: _____/S/ John C. Ireland __

Attorney for Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675   FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137

Dated 10/31/19